_____

_____IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| JOHN J. SABIA, | : | CIVIL ACTION - LAW |
| 878 Andorra Road | : | NO. |
| Lafayette Hill, Pennsylvania 19444 | : | |
| | : | |
| and | : | |
| | : | |
| JOHN M. DRAGANESCU | : | |
| 115 College Avenue | : | |
| Swarthmore, Pennsylvania 19081 | : | |
| | : | |
| and | : | |
| | : | |
| JOHN W. EDLING and | : | |
| DORIS H. EDLING | : | |
| 1162 Limekiln Pike | : | |
| Prospectville, Pennsylvania 19002 | : | |
| | : | |
| and | : | |
| | : | |
| GARY M. EDLING, custodian for | : | |
| CHRISTINA M. EDLING, a minor, | : | |
| 502 Bethlehem Pike | : | |
| Erdehheim, Pennsylvania 19038 | : | |
| | : | |
| and | : | |
| | : | |
| JOHN J. DACHOWSKI and | : | |
| SUSAN M. DACHOWSKI | : | |
| 47 Buck Road | : | |
| Warrington, Pennsylvania 18976 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| WALL STREET ADVISORS, INC. | : | |
| 2121 East Pacific Coast Highway | : | |
| Suite 220 | : | |
| Corona Del Mar, CA 92625 | : | |

```
                                              :
and                                           :
                                              :
STRATEGIC GROUP                               :
Level 9                                       :
575 Bourke Street                             :
Melbourne, Victoria                           :
Australia 3000                                :
31-39-621-1155                                :
                                              :
                        Defendants            :
                                              :
_____
```

## COMPLAINT

AND NOW, come the Plaintiffs, John J. Sabia, John M. Draganescu, John W. Edling, Doris H. Edling, Gary M. Edling as custodian for Christina M. Edling, John J. Dachowski and Susan M. Dachowski, by their attorneys, Davis & Bucco, P.C. and as their Complaint, allege and aver as follows:

### THE PARTIES

1.      Plaintiff, John J. Sabia, is an adult individual with an address as stated in the caption above.

2.      Plaintiff, John M. Draganescu, is an adult individual with an as stated in the caption above.

3.      Plaintiff, John W. Edling, is an adult individual with an address as stated in the caption above.

4.      Plaintiff, Doris H. Edling, is an adult individual with an address as stated in the caption above.

2

5.      Plaintiff, Gary M. Edling, is an adult individual with an address as stated in the caption above.

6.      Gary M. Edling is the custodian of the stock which is the subject of this litigation on behalf of Christina M. Edling, his daughter, a minor.

7.      Plaintiff, John J. Dachowski, is an adult individual with an address as stated in the caption above.

8.      Plaintiff, Susan M. Dachowski, is an adult individual with an address as stated in the caption above.

9.      Defendant, Wall Street Advisors, Inc., is, upon information and belief, a California corporation with an address as stated in the caption above.

10.      Defendant, Strategic Group is, upon information and belief, an Australian corporation with an address of as stated in the caption above.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over this matter based on diversity of citizenship of the parties, and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a)(1) and (a)(3).

12.      Venue is proper in this court pursuant to 28 U.S.C.A. §1391.

## CLAIM FOR RELIEF

13.      On or about March 2, 1999, each of the Plaintiffs purchased stock in Bio-American Capital Corporation (hereinafter "BIAN") through an Australian corporation known as the Strategic Group (hereinafter the "Group") and Wall Street Advisors, Inc. (hereinafter "WSA").

14.      In consideration for Plaintiffs purchase of the BIAN stock at $5.00 per share, Plaintiffs

3

each received stock puts from the Group.

15.     In consideration for Plaintiffs purchase of the BIAN stock at $5.00 per share, Plaintiffs each received stock puts from WSA.

16.     Upon information and belief, Defendants the Group and WSA each received a commission on the BIAN stock purchased by the Plaintiffs as a result of Plaintiffs' purchase of the BIAN stock.

17.     Plaintiff, John J. Sabia, purchased Ten Thousand (10,000) shares of BIAN stock at $5.00 per share for a total of $50,000.00 and, in turn, received a Put of $6.00 for each such share, exercisable on or before April 24, 1999, from the Group and WSA.  True and Correct copies of the puts granted to John J. Sabia are attached hereto, made a part hereof and marked Exhibit "A".

18.     Plaintiff, John M. Draganescu, purchased Ten Thousand (10,000) shares of BIAN stock at $5.00 per share for a total of $50,000.00 and, in turn, received a put of $6.00 for each such share, exercisable on or before April 24, 1999, from both the Group and WSA.  True and Correct copies of the puts granted to John M. Draganescu are attached hereto, made a part hereof and marked Exhibit "B".

19.     Plaintiff, John W. Edling, and Plaintiff, Doris H. Edling, his wife, purchased Two Thousand Four Hundred (2,400) shares of BIAN stock at $5.00 per share for a total of 12,000.00 and, in turn, received a put of $6.00 for each such share, exercisable on or before May 1, 1999, from both the Group and WSA.  True and Correct copies of the puts granted to John W. Edling and Doris H. Edling are attached hereto, made a part hereof and marked Exhibit "C".

20.     Plaintiff, Gary M. Edling, purchased Five Hundred (500) shares of BIAN stock on behalf of Christina M. Edling at $5.00 per share for a total of $2,500.00 and, in turn, received a put

of $6.00 for each such share, exercisable on or before May 1, 1999, from both the Group and WSA. True and Correct copies of the puts granted to Gary Edling are attached hereto, made a part hereof and marked Exhibit "D".

21.     Plaintiff, John J. Dachowski and Plaintiff, Susan M. Dachowski, his wife, purchased Four Hundred (400) shares of BIAN stock at $5.00 per share for a total of $2,000.00 and, in turn, received a put of $6.00 for each such share, exercisable on or before May 1, 1999, from both the Group and WSA.  True and Correct copies of the puts granted to John J. Dachowski and Plaintiff, Susan M. Dachowski are attached hereto, made a part hereof and marked Exhibit "E".

22.     The puts were callable by each of the Plaintiffs within 30 days of their purchase of the BIAN stock.

23.     The guaranteed puts described above provided Plaintiffs with the right to sell all shares of BIAN stock to the Group and Wall Street respectively for 30 days following Plaintiffs' purchase of the BIAN stock at the rate of $6.00 per share.

24.     Plaintiffs each called the puts to both the Group and WSA before the 30 day period for exercise of the puts had elapsed.

25.     Plaintiffs' call of the guaranteed puts obligated both the Group and WSA to purchase all shares of BIAN stock previously purchased by Plaintiffs at $6.00 per share.

26.     Notwithstanding Plaintiffs' call, the Group failed to honor the guaranteed puts or make any payment to Plaintiffs pursuant thereto.

27.     Notwithstanding Plaintiffs' call, WSA failed to honor the guaranteed puts or make any payment to Plaintiffs pursuant thereto.

28.     As of the date of this pleading, the Group has failed to honor the guaranteed puts.

29.     As of the date of this pleading, WSA has failed to honor the guaranteed puts.

**BREACH OF CONTRACT - BOTH DEFENDANTS**

30.     Plaintiffs hereby incorporate paragraphs 1 through and including 29 of Plaintiffs' Complaint as though fully set forth at length herein.

31.     Plaintiffs entered into a legally binding contract with the Group, for good and valuable consideration, whereby, in exchange for Plaintiffs' purchase of the BIAN stock described above, the Group granted Plaintiffs the guaranteed puts described above.

32.     The Group's failure and refusal to honor the guaranteed puts constitutes a material breach of its contract with Plaintiffs.

33.     Plaintiffs entered into a legally binding contract with WSA, for good and valuable consideration, whereby, in exchange for Plaintiffs' purchase of the BIAN stock described above, WSA granted Plaintiffs the guaranteed Puts described above.

34.     WSA's failure and refusal to honor the guaranteed puts constitutes a material breach of its contract with Plaintiffs.

35.     As a direct and proximate result of the Group and WSA's breach of contract, Plaintiff John J. Sabia has suffered damages in the amount of $77,930.50.  See the Schedule of Earned Interest on Disposition of Puts attached hereto, made a part hereof and marked Exhibit "F".

36.     As a direct and proximate result of the Group and WSA's breach of contract, Plaintiff John M. Draganescu has suffered damages in the amount of $81,056.00.  See Exhibit "F".

37.     As a direct and proximate result of the Group and WSA's breach of contract, Plaintiffs John W. Edling and Doris H. Edling have suffered damages in the amount of $19,177.08. See Exhibit "F".

38.     As a direct and proximate result of the Group and WSA's breach of contract, Plaintiff Gary M. Edling, custodian for Christina M. Edling, has suffered damages in the amount of $3,995.23 See Exhibit "F".

39.     As a direct and proximate result of the Group and WSA's breach of contract, Plaintiffs John J. Dachowski and Susan M. Dachowski  have suffered damages in the amount of $3,169.18. See Exhibit "F".

WHEREFORE, Plaintiffs hereby demand judgment in their favor and against the Defendants, jointly and severally, in the respective amounts set forth above, along with such other and further relief as the court deems just and proper.

## PROMISSORY ESTOPPEL - BOTH DEFENDANTS

40.     Plaintiffs hereby incorporate paragraphs 1 through and including 39 of Plaintiffs' Complaint as though fully set forth at length herein.

41.     Defendants the Group and WSA made statements to Plaintiffs which statements Defendants knew or should have known would cause Plaintiffs to rely upon said statements in agreeing to purchase the BIAN stock described above at the price described above.

42.     Plaintiffs relied upon Defendants' promises to honor the guaranteed puts with regard to the stock purchased by Plaintiffs as described above, to the detriment of Plaintiffs.

43.     As a direct and proximate result of Plaintiffs' reliance upon the promises of the Defendants, Plaintiffs have each suffered damages as more particularly set forth above.

7

WHEREFORE, Plaintiffs hereby demand judgment in their favor and against the Defendants, jointly and severally, in the respective amounts set forth above, along with such other and further relief as the court deems just and proper.

Respectfully submitted,

DAVIS & BUCCO, P.C.

By:_____

PAUL A. BUCCO, ESQUIRE
JOHN G. RICHARDS II, ESQUIRE
909 North Bethlehem Pike, Suite 200
P.O. Box 785
Spring House, PA 19477
(215) 540-9050
Attorneys for Plaintiffs